| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION |

| | | |
|---|---|---|
| JAMES JOHNSON, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s),* | § § | |
| v. | § § | |
| ACT FAST DELIVERY, INC.; ACT FAST COURIER OF TEXAS, INC.; ACT FAST DELIVERY OF HOUSTON, INC.; ACT FAST COASTAL BEND, INC.; ACT FAST DELIVERY OF S.A., INC.; ACT FAST DELIVERY OF TYLER, INC.; ACT FAST DELIVERY OF TRAVIS COUNTY, INC. and MIKE MILLER, | § § § § § § § § § § § | No. 5:20-cv-00979 |
| *Defendant(s).* | § | |

## PLAINTIFF JAMES JOHNSON'S ORIGINAL COMPLAINT

Plaintiff James Johnson (referred to as "Johnson") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Act Fast Delivery, Inc.; Act Fast Courier of Texas, Inc.; Act Fast Delivery of Houston, Inc.; Act Fast Coastal Bend, Inc.; Act Fast Delivery of S.A., Inc.; Act Fast Delivery of Tyler, Inc. and Act Fast Delivery of Travis County, Inc. (collectively referred to as "Act Fast") and Defendant Mike Miller (referred to as "Miller") who

worked as couriers during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1.     Johnson's claims arise under the FLSA.

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.     To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.     Act Fast and Miller violated the FLSA by employing Johnson and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.     Act Fast and Miller willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6.    Johnson brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Act Fast and Miller who worked as couriers during the past three years.

## II.  Jurisdiction & Venue

7.    This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.    Venue is proper in this district and division because Act Fast resides in this district and division. 28 U.S.C. § 1391(b)(1).

## III.  Parties

9.    Johnson is an individual who resides in Dallas County, Texas and who was employed by Act Fast and Miller during the last three years.

10.    Act Fast Delivery, Inc. is a Texas corporation that may be served with process by serving its registered agent:

> Mr. John L. Jackson
> 19365 FM 2252, Suite 5
> Garden Ridge, Texas 78266-2566

Alternatively, if the registered agent of Act Fast Delivery, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery, Inc. may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     Act Fast Courier of Texas, Inc. is a Texas corporation that may be served with process by serving its registered agent:

Mr. John L. Jackson
19365 FM 2252, Suite 5
Garden Ridge, Texas 78266-2566

Alternatively, if the registered agent of Act Fast Courier of Texas, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Courier of Texas, Inc. may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

12.     Act Fast Delivery of Houston, Inc. is a Texas corporation that may be served with process by serving its registered agent:

Mr. John L. Jackson
19365 FM 2252, Suite 5
Garden Ridge, Texas 78266-2566

Alternatively, if the registered agent of Act Fast Delivery of Houston, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery of Houston, Inc. may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

13.     Act Fast Coastal Bend, Inc. is a Texas corporation that may be served with process by serving its registered agent:

- 4 -

Mr. John L. Jackson
19365 FM 2252, Suite 5
Garden Ridge, Texas 78266-2566

Alternatively, if the registered agent of Act Fast Coastal Bend, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Coastal Bend, Inc. may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

14.     Act Fast Delivery of S.A., Inc. is a Texas corporation that may be served with process by serving its registered agent:

Mr. John L. Jackson
19365 FM 2252, Suite 5
Garden Ridge, Texas 78266-2566

Alternatively, if the registered agent of Act Fast Delivery of S.A., Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery of S.A., Inc. may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

15.     Act Fast Delivery of Tyler, Inc. is a Texas corporation that may be served with process by serving its registered agent:

Mr. John L. Jackson
19365 FM 2252, Suite 5
Garden Ridge, Texas 78266-2566

Alternatively, if the registered agent of Act Fast Delivery of Tyler, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery of

- 5 -

Tyler, Inc. may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

16.     Act Fast Delivery of Travis County, Inc. is a Texas corporation that may be served with process by serving its registered agent:

Mr. John L. Jackson
19365 FM 2252, Suite 5
Garden Ridge, Texas 78266-2566

Alternatively, if the registered agent of Act Fast Delivery of Travis County, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery of Travis County, Inc. may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

17.     Miller is an individual who resides in Comal County, Texas and who may be served with process at:

9835 Trophy Oaks Drive
Garden Ridge, Texas 78266

or wherever he may be found. Alternatively, Miller may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

18.     An allegation that Act Fast committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Act Fast or was done in the normal course and scope of employment of Act Fast's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

19.     Act Fast is a courier service.

20.     Act Fast does business in the territorial jurisdiction of this Court.

21.     Act Fast employed Johnson from October 2016 to January 2019.

22.     Act Fast employed Johnson as a courier.

23.     Miller was also Johnson's employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire Act Fast employees, including Johnson; (2) supervised or controlled Act Fast employee schedules or conditions of employment, including Johnson's schedule and/or conditions of employment; (3) determined the rate or method of payment for Act Fast employees, including Johnson; and/or (4) maintained Act Fast employee records, including Johnson's records.

24.     As a courier, Johnson was responsible for delivering packages.

25.     During Johnson's employment with Act Fast, he was engaged in commerce or in the productions of goods for commerce.

26.     During Johnson's employment with Act Fast, the company had employees engaged in commerce or in the production of goods for commerce.

27.     During Johnson's employment with Act Fast, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

28.     During Johnson's employment with Act Fast, the company had an annual gross volume of sales made or business done of at least $500,000.

29.     Act Fast paid Johnson on job-rate basis.

30.     Act Fast paid Johnson on a biweekly basis by direct deposit.

31.     During Johnson's employment with Act Fast, he regularly worked in excess of forty hours per week.

32.     Act Fast knew or should have known that Johnson worked in excess of forty hours per week.

33.     Act Fast did not pay Johnson for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

34.     Instead, Act Fast paid Johnson on a job-rate basis without overtime".

35.    Johnson was not exempt from the maximum hour requirements of the FLSA.

36.    As a courier, Johnson's primary duties were nonexempt.

37.    As a courier, Johnson's primary duties did not include office or nonmanual work.

38.    As a courier, Johnson's primary duties were not directly related to the management or general business operations of Act Fast or its customers.

39.    As a courier, Johnson's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

40.    As a courier, Johnson did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

41.    As a courier, Johnson was, instead, required to follow Act Fast's policies, practices and procedures.

42.    As a courier, Johnson did not have any independent authority to deviate from Act Fast's policies, practices and procedures.

43.    Act Fast knew or should have known that Johnson was not exempt from the maximum hour requirements of the FLSA.

44.    Act Fast willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

45.     During Johnson's employment with Act Fast, the company did not maintain accurate time and pay records for Johnson as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

46.     During Johnson's employment with Act Fast, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

47.     Act Fast continued the pay practice(s) complained of by Johnson without investigation after being put on notice that the pay practice(s) violated the FLSA.

48.     Act Fast has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

49.     Prior to this lawsuit, Act Fast conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Johnson.

50.     Because Act Fast willfully violated the FLSA, the company is liable to Johnson for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

51.     As a result of the FLSA violation(s) described above, Act Fast is liable to Johnson for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

52.     All couriers employed by Act Fast during the last three years are similarly situated to Johnson because they (1) have similar job duties; (2) regularly worked or

work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Act Fast and Miller under 29 U.S.C. § 216(b).

## V.  Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

53.     Johnson adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

54.     During Johnson's employment with Act Fast, he was a nonexempt employee.

55.     As a nonexempt employee, Act Fast was legally obligated to pay Johnson "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

56.     Act Fast did not pay Johnson "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

57.     Instead, Act Fast paid Johnson on a job-rate basis without overtime.

58.     If Act Fast classified Johnson as exempt from the maximum hour requirements of the FLSA, he was misclassified.

59.     As a result of the FLSA violation(s) described above, Act Fast and Miller are liable to Johnson for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

60.     Johnson adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61.     Act Fast willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

62.     During Johnson's employment with Act Fast, the company did not maintain accurate time and pay records for Johnson as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

63.     During Johnson's employment with Act Fast, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

64.     Act Fast continued the pay practice(s) complained of by Johnson without investigation after being put on notice that the pay practice(s) violated the FLSA.

65.     Act Fast has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

66.     Prior to this lawsuit, Act Fast conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Johnson.

67.     Because Act Fast willfully violated the FLSA, the company and Miller are liable to Johnson for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

68.     Johnson adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69.     On information and belief, other employees of Act Fast have been victimized by the FLSA violation(s) described above.

70.     These employees are similarly situated to Johnson because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

71.     Act Fast's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

72.     Since Johnson's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

73.     For these reasons, Johnson requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All couriers employed by Act Fast during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a job-rate basis without overtime.

74.    Act Fast and Miller are liable to Johnson and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

75.    Johnson has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
## Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

76.    Johnson adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

77.    Johnson is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

78.    Johnson is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

79.    Johnson has retained the professional services of the undersigned attorneys.

80.    Johnson has complied with the conditions precedent to recovering attorney's fees and costs.

81.    Johnson has incurred or may incur attorney's fees and costs in bringing this lawsuit.

82.    The attorney's fees and costs incurred or that may be incurred by Johnson were or are reasonable and necessary.

83.    Act Fast and Miller are liable to Johnson and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

84.   Johnson demands the following relief:

    a.   an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b.   an incentive award for Johnson for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c.   judgment against Act Fast and Miller in Johnson's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d.   all other relief and sums that may be adjudged against Act Fast and Miller in Johnson's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: _____

Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
renu@mooreandassociates.net